ANNOTATED

# In the U.S. District Court for the District of Columbia

333 Constitution Avenue, Washington, DC 20001

## No. 1:07-cv-1616-RMC

| | | |
|---|---|---|
| Don Hamrick, pro se | ) | **Civil RICO Act, 18 U.S.C. § 1964(a)** |
| ***IN THE CAPACITY OF A*** | ) | ●Threefold Damages: $14 million |
| ***PRIVATE ATTORNEY GENERAL*** | ) | Under 18 U.S.C. § 1964(c) Civil Remedies. |
| 5860 Wilburn Road | ) | ●Service by U.S. Marshals Service |
| Wilburn, AR 72179 | ) | In Accordance with Rule 4(c)(2). |
| *PLAINTIFF/APPELLANT* | ) | ●Filing Fee Exempt under |
| v. | ) | 28 U.S.C. § 1916 |
| United States | ) | Plaintiff is a Seaman |
| United Nations | ) | JURY TRIAL DEMANDED |
| *DEFENDANTS/APPELLEE* | ) | |

*Leave to File GRANTED*
*Rosemary M Collyer*
*10/9/07*

*EMERGENCY*

# PETITION FOR EX PARTE ORDER VERIFYING AND VALIDATING PLAINTIFF'S CITIZEN'S ARREST WARRANTS

## AND

# PETITION FOR EX PARTE ORDER TO FEDERAL LAW ENFORCEMENT AGENCIES TO ASSIST THE PLAINTIFF WITH THE CITIZEN'S ARREST WARRANT

I, Don Hamrick, hereby Petition for Ex Parte hearing with Judge Rosemary M. Collyer on the matter of the Citizen's Arrest Warrants appended herein.

Respectfully,

Don Hamrick

**RECEIVED**

OCT - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# CASE LAW

*Cohens* v. *Virginia*, 19 U.S. 264, at 404 (6 Wheaton 264) (1821)

"It is most true that this Court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment and conscientiously to perform our duty. In doing this on the present occasion, we find this tribunal invested with appellate jurisdiction in all cases arising under the Constitution and laws of the United States. We find no exception to this grant, and we cannot insert one."

*Mireles* v. *Waco*, 502 U.S. 9, at 11 (1991):

. . . a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227 -229; Stump v. Sparkman, 435 U.S., at 360. *Collection of filing fees is NOT a judicial function but an Administrative function.*

*Chandler* v. *Judicial Council*, 398 U.S. 74, at 140 (1970), Chief Justice Berger:

"If [judges] break a law, they can be prosecuted."

*Chandler* v. *Judicial Council*, 398 U.S. 74, at 141-142 (1970), Justice Black and Douglas in their dissenting opinion agreed with Chief Justice Berger on the point made above:

"While judges, like other people, can be tried, convicted, and punished for crimes . . ."

HAINES V. KERNER, 92 S.Ct. 594; JENKINS V. MCKEITHEN, 395 US 411, 421 (1969); PICKING V. PENNA. RWY. CO. 151 F.2d 240; PUCKETT V. COX, 456 F.2d 233

Pro Se (Without a Lawyer, representing self) pleadings are to be considered without technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers.

US v. GUEST, 86 S.Ct. 1170; US v.COMPAGNA, 146 F.2d 524

A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it; statutes of limitations tolled for previous acts when each new act is done.

YICK WO V. HOPKINS, 118 S.Ct. 356 (1886)

Laws and Court procedures that are "fair on their faces" but administered "with an evil eye and a heavy hand" (discriminatorily) are unconstitutional.

*United States* v. *Lee*, 106 U.S. 196, at 220 (1882):

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to

the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives."

*Duncan* v. *Missouri*, 152 U.S. 377, 382 (1894):

"[T]he privileges and immunities of citizens of the United States protected by the fourteenth amendment are privileges and immunities arising out of the nature and essential character of the federal government, and granted or secured by the constitution; and due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government; . . ."

*Wilson* v. *State*, 33 **Arkansas**, 557, 560 (1878) (*striking a ban on unconcealed carry*).

"If cowardly and dishonorable men sometimes shoot unarmed men with army pistols or guns, the evil must be pre vented by the penitentiary and gallows, and not by a general deprivation of a constitutional privilege."

*Hartford Fire Ins. Co.* v. *California*, 509 U.S. 764 (1993) **[PLAINTIFF'S NOTE: "I CAN PROVE MY CASE if the Federal Courts were not so corrupt!]**

"[A] complaint should not be dismissed unless `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McLain* v. *Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980) (quoting **Conley v. Gibson, 355 U.S. 41, 45 -46 (1957)**).

*Conley* v. *Gibson*, 355 U.S. 41 at 48 (1957)

"Following the simple guide of Rule 8 (f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. *Maty* v. *Grasselli Chemical Co.*, 303 U.S. 197. (1938) (*Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.*)

*United States* v. *Chadwick*, 433 U.S. 1, at 16 (1976)

" . . . it is deeply distressing that the Department of Justice, whose mission is to protect the constitutional liberties of the people of the United States, should even appear to be seeking to subvert them by extreme and dubious legal arguments. It is gratifying that the Court today unanimously rejects the Government's position."

*Forrester* v. *White*, 484 U.S. 219 (1988):

> This Court has never undertaken to articulate a precise and general definition of the class of acts entitled to immunity. The decided cases, however, suggest an intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform. Thus, for example, the informal and ex parte nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character. See Stump v. Sparkman, 435 U.S. 349, 363 , n. 12 (1978). Similarly, acting to disbar an attorney as a sanction for contempt of court, by invoking a power "possessed by all courts which have authority to admit attorneys to practice," does not become less judicial by virtue of an allegation of malice or corruption of motive. Bradley v. Fisher, 13 Wall., at 354. [484 U.S. 219, 228]    As the Bradley Court noted: "Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort." Ibid.

> Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. In Ex parte Virginia, 100 U.S. 339 (1880), for example, this Court declined to extend immunity to a county judge who had been charged in a criminal indictment with discriminating on the basis of race in selecting trial jurors for the county's courts. The Court reasoned:

>> "Whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent. Whether he was a county judge or not is of no importance. The duty of selecting jurors might as well have been committed to a private person as to one holding the office of a judge. . . . That the jurors are selected for a court makes no difference. So are court-criers, tipstaves, sheriffs, &c. Is their election or their appointment a judicial act?" Id., at 348.

> Although this case involved a criminal charge against a judge, the reach of the Court's analysis was not in any obvious way confined by that circumstance.

> Likewise, judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys. Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 U.S. 719 (1980). In explaining why legislative, rather than judicial, immunity furnished the appropriate standard, we said: "Although it is clear that under Virginia law the issuance of the Bar Code was a proper function of the Virginia Court, propounding the Code was not an act of adjudication but one of rulemaking." Id., at 731. Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would [484 U.S. 219, 229]    be amenable to suit for injunctive and declaratory relief. Id., at 734-737. Cf. Pulliam v. Allen, 466 U.S. 522 (1984). Once again, it was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis.

# In the U.S. District Court for the District of Columbia

333 Constitution Avenue, Washington, DC 20001

## No. 1:07-cv-1616-RMC

| | | |
|---|---|---|
| Don Hamrick, pro se | ) | |
| *IN THE CAPACITY OF A* | ) | |
| *PRIVATE ATTORNEY GENERAL* | ) | **Civil RICO Act, 18 U.S.C. § 1964(a)** |
| 5860 Wilburn Road | ) | |
| Wilburn, AR 72179 | ) | |
|     *PLAINTIFF/APPELLANT* | ) | |
| v. | ) | |
| United States | ) | |
| United Nations | ) | |
|     *DEFENDANTS/APPELLEE* | ) | |

# ORDER

Based upon the certification of the Court Order from the U.S. District Court for the Western District of North Carolina, Charlotte Division, Case No. 3:04-cv-0344, November 9, 2006 acknowledge the Plaintiff's statutory right to the filing fee exemption provided under the Seamen's Suit law, 28 U.S.C. § 1916, and further based upon the Court Clerk registering that Court Order in accordance with 28 U.S.C. § 1963 as a certified Court Order, and based upon the Plaintiff's Complaint, the subject matter consisting of Seamen's rights under the Second Amendment's right to keep and bear arms the Court finds, in fact and law, that the merits of Plaintiff's case qualify for the filing fee exemption under the "safety" clause, and perhaps even the "welfare" clause of the Seamen's Suit law, 28 U.S.C. § 1916.

- Therefore, it is ORDERED that the filing fee exemption as a statutory right under the Seamen's Suit law, 28 U.S.C. § 1916 is acknowledged as Plaintiff's statutory right in this matter now before the Court.

Based upon the Plaintiff's Complaint and the Court's own inquiries into this matter the Court hereby verifies and validates the Plaintiff's Citizen's Arrest Warrant.

- Therefore, it is ORDERED that the Plaintiff's Citizen's Arrest Warrant is hereby verified and validated as an enforceable Citizen's Arrest Warrant to be executed by the Plaintiff himself with the *Court Ordered* assistance of the Federal Bureau of Investigation to effect actual physical custody.

- It is further ORDERED that the Federal Bureau of Investigation initiate a criminal investigation of the Judicial and Executive Branches relating to the Plaintiff's several cases in the U.S. District Court, the DC Circuit, the U.S. Supreme Court, the U.S. District Court for the Eastern District of Arkansas, and the Eighth Circuit and prosecute for any (if any) criminal acts found.

• If is further ORDERED that Rena Comisac, Acting Assistant Attorney General of the Civil Rights Division of the U.S. Department of Justice initiate a civil rights investigation of the handling of Plaintiff's cases by the federal courts and by the U.S. Department of Justice.

• It is further ORDERED that the Inspector General of the U.S. Department of Justice initiate an investigation of the handling of the Plaintiff's several cases by the involved U.S. Attorney's Offices for any violations of the Plaintiff's due process rights and any misconduct by government defense counsels for the named defendants.

• It is further ORDERED that the U.S. Department of Justice submit to the Court proposed federal guidelines on the right of Citizen's Arrest as applied against employees of the U.S. Government for commissions of felonies witnessed by unrepresented civil plaintiffs. The guidelines are to include Citizen's Arrest by an unrepresented civil plaintiff stipulating to the differences between a regular civil case and a "civil RICO Act case when the unrepresented civil plaintiff is acting in the capacity of a Private Attorney General. The guidelines are to also include the legal and constitutional obligations placed upon federal law enforcement agencies to assist such unrepresented civil plaintiffs with "Citizen's Arrest Warrants" whether or not they are acting in the capacity of a Private Attorney General.

It is further ORDERED that the following cases are to be investigated:

- 8th Circuit, Case No. 07-2400
- U.S. District Court/DC, No. 02-1434
- U.S. District Court/DC, No. 02-1435
- U.S. District Court/DC, No. 03-2160
- U.S. District Court/DC, No. 04-0422
- DC Circuit, No. 02-5334
- DC Circuit, No. 04-5316
- U.S. District Court/Little Rock, No. 06-0044.
- U.S. Supreme Court, Nos. 03-145
- U.S. Supreme Court, Nos. 04-1150
- U.S. Supreme Court, Nos. 04M56

IT IS SO ORDERED.

_____

_____


_____

_____

# 𝕮𝖎𝖙𝖎𝖟𝖊𝖓'𝖘 𝕬𝖗𝖗𝖊𝖘𝖙 𝖂𝖆𝖗𝖗𝖆𝖓𝖙

---

## -FOR-

# CHIEF JUSTICE JOHN G. ROBERTS, JR.

### U.S. SUPREME COURT

**In Re: Hamrick v. President Bush, DC Circuit, No. 02-5334**
**In Re: Hamrick v. President Bush, DC Circuit, No. 04-5316**

# WILLIAM K. SUTER

### COURT CLERK, U.S. SUPREME COURT

**In Re: Hamrick v. President Bush, U.S. Supreme Court, No. 03-145**
**In Re: Hamrick v. President Bush, U.S. Supreme Court, No. 04-1150**

### *EACH FOR TWO COUNTS OF*
### *EXTORTION OF FILING FEES (28 U.S.C. § 1916)*
### *AS PREDICATE ACTS FOR RACKETEERING ACTIVITY*

---

## VERIFIED AND VALIDATED

# BY JUDGE ROSEMARY M. COLLYER
### U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

I, Don Hamrick, *sui juris*, citizen of Arkansas and of the United States under the Ninth, Tenth, Thirteenth and Fourteenth Amendments, am the unrepresented civil Plaintiff acting in the capacity of a *PRIVATE ATTORNEY GENERAL* with a civil RICO Act case against the United States Government (President George W. Bush, et al) and against the United Nations for breach of the United Nations Charter, Article 2, Clause 7, in defense of not only my own rights under the Second Amendment but also for the Second Amendment rights of the citizens of the United States at large, and under penalty of perjury, under the laws of the United States of America, hereby warrant that probable cause exists to justify the immediate arrest and arraignment of

federal judges and their court clerks so named or implicated above on formal charges of participating as principals (18 U.S.C. § 2) in racketeering activities (18 U.S.C. § 1962) as accessory after the facts (18 U.S.C. § 3) and misprision of felony (18 U.S.C. § 4), of an unlawful and an unconstitutional protection scheme over the Second Amendment and for felony extortion (18 U.S.C. § 872) and conspiring to engage in a pattern of racketeering activities and related RICO "predicate acts" in connection with the above Civil RICO action, in violation of the criminal statutes at 18 U.S.C. 1961(1)(A), "Extortion" of exempted filing fees from the unrepresented civil Plaintiff Don Hamrick, a fully documented U.S. merchant seamen in violation of the Seamen's Suit law (28 U.S.C. § 1916).

I hereby verify also, under penalty of perjury, under the laws of the United States of America that I am the victim of felony extortion (18 U.S.C. § 872) under color of law (18 U.S.C. § 241 and 18 U.S.C. § 242) in retaliation for participating in Federal Protected Activities (18 U.S.C. § 245) of the federal judicial system as a U.S. merchant seaman and as an unrepresented civil Plaintiff acting in the capacity of a *PRIVATE ATTORNEY GENERAL* in defense of not only my own statutory, civil, and constitutional rights as a U.S. merchant seaman and as a U.S. citizen but also the same statutory, civil, and constitutional rights of all U.S. merchant seamen as a class of citizens and all U.S. citizens at large, and also as an eyewitness to, the criminal violations enumerated above.

## Miranda Warning
*Miranda v. Arizona, 384 U.S. 436 (1966)*

***You have the right to remain silent. Anything you do say may be used against you in a court of law. You have the right to consult an attorney before speaking and to have an attorney present during questioning now or in the future. If you cannot afford an attorney, one will be appointed for you at government expense. If you decide to answer questions now without an attorney present you will still have the right to stop answering at any time until you talk to an attorney.***

IT IS SO ORDERED.

_____

_____

_____

_____

# Citizen's Arrest Warrant

---

## -FOR-

CHIEF JUDGE GINSBURG,
JUDGE HARRY T. EDWARDS,
JUDGE DAVID B. SENTELLE,
JUDGE KAREN LECRAFT HENDERSON,
JUDGE A. RAYMOND RANDOLPH,
JUDGE W. ROGERS,
JUDGE DAVID S. TATEL,
JUDGE MERRICK B. GARLAND,

MARK J. LANGER, COURT CLERK, DC CIRCUIT
MICHAEL C. MCGRAIL, DEPUTY CLERK/LD
LINDA JONES, DEPUTY CLERK
MARK BUTLER, DEPUTY CLERK
JOHN T. HALEY, DEPUTY CLERK

## THE DC CIRCUIT

### EACH FOR TWO COUNTS OF
### EXTORTION OF FILING FEES (28 U.S.C. § 1916)
### AS PREDICATE ACTS FOR RACKETEERING ACTIVITY

In Re: Hamrick v. President Bush, DC Circuit, No. 02-5334
In Re: Hamrick v. President Bush, DC Circuit, No. 04-5316

---

## VERIFIED AND VALIDATED

# BY JUDGE ROSEMARY M. COLLYER
## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

I, Don Hamrick, *sui juris*, citizen of Arkansas and of the United States under the Ninth, Tenth, Thirteenth and Fourteenth Amendments, am the unrepresented civil Plaintiff acting in the capacity of a *PRIVATE ATTORNEY GENERAL* with a civil RICO Act case against the United States Government (President George W. Bush, et al) and against the United Nations for breach

of the United Nations Charter, Article 2, Clause 7, in defense of not only my own rights under the Second Amendment but also for the Second Amendment rights of the citizens of the United States at large, and under penalty of perjury, under the laws of the United States of America, hereby warrant that probable cause exists to justify the immediate arrest and arraignment of federal judges and their court clerks so named or implicated above on formal charges of participating as principals (18 U.S.C. § 2) in racketeering activities (18 U.S.C. § 1962) as accessory after the facts (18 U.S.C. § 3) and misprision of felony (18 U.S.C. § 4), of an unlawful and an unconstitutional protection scheme over the Second Amendment and for felony extortion (18 U.S.C. § 872) and conspiring to engage in a pattern of racketeering activities and related RICO "predicate acts" in connection with the above Civil RICO action, in violation of the criminal statutes at 18 U.S.C. 1961(1)(A), "Extortion" of exempted filing fees from the unrepresented civil Plaintiff Don Hamrick, a fully documented U.S. merchant seamen in violation of the Seamen's Suit law (28 U.S.C. § 1916).

I hereby verify also, under penalty of perjury, under the laws of the United States of America that I am the victim of felony extortion (18 U.S.C. § 872) under color of law (18 U.S.C. § 241 and 18 U.S.C. § 242) in retaliation for participating in Federal Protected Activities (18 U.S.C. § 245) of the federal judicial system as a U.S. merchant seaman and as an unrepresented civil Plaintiff acting in the capacity of a *PRIVATE ATTORNEY GENERAL* in defense of not only my own statutory, civil, and constitutional rights as a U.S. merchant seaman and as a U.S. citizen but also the same statutory, civil, and constitutional rights of all U.S. merchant seamen as a class of citizens and all U.S. citizens at large, and also as an eyewitness to, the criminal violations enumerated above.

## Miranda Warning
### *Miranda v. Arizona*, 384 U.S. 436 (1966)

*You have the right to remain silent. Anything you do say may be used against you in a court of law. You have the right to consult an attorney before speaking and to have an attorney present during questioning now or in the future. If you cannot afford an attorney, one will be appointed for you at government expense. If you decide to answer questions now without an attorney present you will still have the right to stop answering at any time until you talk to an attorney.*

IT IS SO ORDERED.

_____

_____

_____

_____



**Cornell University Law School**

LII / Legal Information Institute

# U.S. Code collection

TITLE 28 > PART V > CHAPTER 123 > § 1916

## § 1916. Seamen's suits

In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*



LII / Legal Information Institute

# U.S. Code collection

TITLE 18 > PART I > CHAPTER 41 > § 872

## § 872. Extortion by officers or empl...s of the United States

Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not ... than three years, or both; but if the amount so extorted or demanded does n.t exce...  ...00, he shall be fined under this title or imprisoned not more than one year, or both.

*LII has no control over and does not endorse any external*
*Internet site that contains links to or references to ...*

Supreme Court of the United States
Washington, D. C. 20543

August 30, 2007

Mr. Don Hamrick
Seafarers International Union
115 Third Street
Norfolk, VA 23510

Dear Mr. Hamrick:

The purpose of this letter is to advise why you have not received reimbursement from the Supreme Court of the United States for your filings.

In No. 03-145 (Hamrick v. Bush, et al.), you submitted the docket fee of $300.00. The petition for a writ of certiorari was denied October 6, 2003. In No. 04-1150 (Hamrick v. Bush, et al.), the motion for leave to proceed as a seaman was denied. The docket fee of $300.00 was also submitted in this case, and the petition for a writ of certiorari was subsequently denied on April 4. 2005. When a petition for a writ of certiorari is denied by this Court, the petitioner is not reimbursed the docket fee.

If I can be of further assistance, please let me know.

Sincerely,

Krista Jaffe
Supreme Court of the United States Police

*Verified Evidence of Extortion under 28 U.S.C. § 1916 and 18 U.S.C. § 872*

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

No. 02-5334                                        September Term, 2002

*ADMINISTRATIVE FUNCTIVE*
*NOT A JUDICIAL FUNCTION*                          02cv01435

Filed On: October 30, 2002 [710835]

Don Hamrick,
    Appellant

    v.

George W. Bush, Jr., et al.,
    Appellees

*Obstruction of Justice*
*Corruption of Justice*
*Extortion Under Color of Law*

**O R D E R**

Upon consideration of the notice of appeal, it is

**ORDERED**, on the court's own motion, that appellant show cause within 30 days of the date of this order why he should not be required to pay the full appellate filing and docketing fees before this appeal may proceed. Should appellant seek to rely on 28 U.S.C. § 1916, he must demonstrate that he is a "seam[a]n" and that this appeal is one "for wages or salvage or the enforcement of laws enacted for [his] health or safety." Id. Failure to comply with this order will result in dismissal of the appeal for lack of prosecution. See D.C. Circuit Rule 38.

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

    Mark Butler
    Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 05-5414                                September Term, 2005

*ADMINISTRATIVE FUNCTION*
*NOT A JUDICIAL FUNCTION*

02cv01434
04cv01235

In Re: Don Hamrick,
      Petitioner

**Filed On: November 2, 2005** [929349]

*Obstruction of Justice*
*Corruption of Justice*
*Extortion under*
*Color of Law*

**ORDER**

On October 27, 2005, petitioner submitted a petition for writ of mandamus. The petition has been assigned docket No. 05-5414. For this Court to consideration the petition, it is

**ORDERED**, on the court's own motion, that by December 2, 2005, petitioner must either pay the $250.00 appellate docketing fee, or file a motion for leave to proceed <u>in forma pauperis</u> ***in this court.*** Petitioner's failure to comply with this order will result in dismissal of the petition for lack of prosecution. <u>See</u> D.C. Cir. Rule 38.

The Clerk is directed to send this order and a blank copy of an application for leave to proceed <u>in forma pauperis</u> to the petitioner both by certified mail, return receipt requested, and by first class mail.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

    John T. Haley
    Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

No. 04-5316

*ABUSE OF THE JUDICIAL FUNCTION*

**September Term, 2005**

03cv02160

**Filed On: January 26, 2006** [945037]

Don Hamrick,
        Appellant

v.

George W. Bush, President, et al.,
        Appellees

*Obstruction of Justice*
*Corruption of Justice*

**BEFORE:**    Randolph, Rogers, and Griffith, Circuit Judges

## O R D E R

        Upon consideration of the motion for summary affirmance and the opposition thereto; the motion to expedite; the motions for extension of time; the motion for permissive intervention; the motions for judicial notice of adjudicative facts; the motions for an appeal conference; the motions for amicus curiae briefs; the motion to include non-participating observers at the appeal conference; the motion to propose conditions for settlement; the motion for sanctions; the motion for declaratory judgment; the motion for reconsideration of this court's March 11, 2005 order; the motions to admit public records as relevant evidence; the motion for leave to file judicial notice; the motion to vacate and for permanent injunction and the supplement thereto; and the petition for writ of mandamus, it is

        **ORDERED** that the motion for summary affirmance be granted in part. The merits of the parties' positions are so clear as to warrant summary action on most of appellant's claims. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). As to appellant's claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, appellant has not demonstrated the federal government waived its sovereign immunity. See Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003); see also Nat'l Commodity and Barter Assoc. v. Gibbs, 886 F.2d 1240, 1246-47 (10th Cir. 1989). In addition, the claims for damages against the judicial defendants are barred by judicial immunity, see Cleavinger v. Saxner, 474 U.S. 193, 199 (1985), and the claims for declaratory judgment against those defendants are meritless. To the extent appellant is bringing claims under criminal statutes, those statutes do not provide for a private right of action. See 18 U.S.C. §§ 1001, 1018; see also AirTrans, Inc. v. Mead, 389 F.3d 594, 597 n.1 (6th Cir. 2004). With respect to appellant's claims brought pursuant to 42 U.S.C. § 1988; the Federal Tort Claims Act, 28 U.S.C. § 1346(b); and the First, Fourth, Fifth, Sixth, Ninth, Tenth, Thirteenth,

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 04-5316**                                          **September Term, 2005**

and Fourteenth Amendments, appellant's complaint does not comport with Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the claim showing that the plaintiff is entitled to relief." See, e.g. Mountain States Legal Found. v. Bush, 306 F.3d 1132, 1137 (D.C. Cir. 2002). With the exception of his Second Amendment claim, appellant has not preserved for appeal any other claims. See Doe v. District of Columbia, 93 F.3d 861, 875 n.14. To the extent summary affirmance is granted because appellant's claims do not comply with Fed. R. Civ. P. 8(a), the district court order is modified to dismiss those claims without prejudice. It is

**FURTHER ORDERED**, on the court's own motion, that appellant's Second Amendment claims against the non-judicial defendants, challenging federal firearms statutes and the denial of his "National Open Carry Handgun" endorsement be remanded for further proceedings. Compare United States v. Miller, 307 U.S. 174 (1939), and United States v. Haney, 264 F.3d 1161 (10th Cir. 2001), with U.S. v. Emerson, 270 F.3d 203, 227, 260-61 (5th Cir. 2001). The evidence suggests appellant filed an opposition to appellees' motion to dismiss. See, e.g., Case No. 03cv2160, Docket No. 64, Appellees' Reply to Opposition to Motion to Dismiss. Furthermore, these Second Amendment claims are not barred by res judicata. See Hoffman v. Blaski, 363 U.S. 335, 340 n.9 (1960); United States v. Dean, 752 F.2d 535, 541 (11th Cir. 1985); see also SEC v. Bilzerian, 378 F.3d 1100, 1102 n.1 (D.C. Cir. 2004). It is

**FURTHER ORDERED** that appellant's remaining motions and petition for writ of mandamus be denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

*ABUSE OF THE FEDERAL RULES OF CIVIL PROCEDURE*

**Per Curiam**

*On REMAND the District Court Judge Reggie B. Walton treated the "remanded for further proceedings" as a redo of Rule 7 Pleadings instead of moving the case to the Discovery Phase under Rules 16 and Rule 26.*

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 04-5316**                                        **September Term, 2004**

**03cv02160**

**Filed On: March 11, 2005** [883266]

Don Hamrick,
       Appellant

      v.

George W. Bush, President, et al.,
       Appellees

*Now Chief Justice U.S. Supreme Court*

**BEFORE:**   Henderson and Roberts, Circuit Judges

**O R D E R**

*Extortion Under Color of Law 18 U.S.C. § 872*

    Upon consideration of the court's October 7, 2004 order to show cause, and the response and supplement thereto, it is

    **ORDERED**, on the court's own motion, that the order to show cause be discharged. It is

    **FURTHER ORDERED**, on the court's own motion, that within 60 days of the date of this order, appellant must either pay the $255 appellate filing and docketing fee to the Clerk of the District Court, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in the District Court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a)(1). Appellant is not exempt from payment because he has not demonstrated that this appeal is one for "wages or salvage or the enforcement of laws enacted for [his] health or safety" as a seaman. See 28 U.S.C. § 1916. Failure to comply with this order will result in dismissal of the appeal for lack of prosecution. See D.C. Circuit Rule 38. It is

*Fraud & False Statement 18 U.S.C. § 1001*

    **FURTHER ORDERED** that consideration of appellant's brief and any pending motions be deferred pending further order of the court.

    The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

**Per Curiam**

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 04-5316**                                        **September Term, 2004**

_ADMINISTRATIVE FUNCTION_
_NOT A JUDICIAL FUNCTION_

03cv02160

**Filed On: October 7, 2004** [853363]

Don Hamrick,
      Appellant

    v.

George W. Bush, President, et al.,
      Appellees

_Obstruction of Justice_
_Corruption of Justice_
_Extortion_

## O R D E R

Upon consideration of the notice of appeal, it is

    **ORDERED**, on the court's own motion, that appellant show cause on or before November 8, 2004, why he should not be required to pay the full $255 appellate filing and docketing fees before this appeal may proceed. Should appellant seek to rely on 28 U.S.C. §1916, he must demonstrate that he is a "seam[a]n" and that this appeal is one "for wages or salvage or the enforcement of laws enacted for [his] health or safety." Id. Failure to comply with this order will result in dismissal of the appeal for lack of prosecution. See D.C. Circuit Rule 38.

    The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

                              **FOR THE COURT:**
                              Mark J. Langer, Clerk

               BY:

                              John T. Haley
                              Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 02-5334                                                September Term, 2003

*ADMINISTRATIVE FUNCTION IN PART*

02cv01435

*ABUSE OF JUDICIAL FUNCTION IN PART*

Don Hamrick,
    Appellant

Filed On: February 3, 2004 [800878]

   v.

George W. Bush, Jr., et al.,
    Appellees

*Now Chief Justice U.S. Supreme Court*

**BEFORE:**   Ginsburg, Chief Judge, and Edwards, Sentelle, Henderson, Randolph, Rogers, Tatel, and Roberts, Circuit Judges

*Extortion Under Color of Law*
*18 USC § 872*

## O R D E R

Upon consideration of the petition for rehearing en banc, the absence of a request by any member of the court for a vote, and the motion for reimbursement of appellate filing fees, it is

*ADMINISTRATIVE FUNCTION*

**ORDERED** that the motion for reimbursement of appellate filing fees be denied.  It is

*JUDICIAL FUNCTION - ABUSED*

**FURTHER ORDERED** that the petition for rehearing en banc be denied.  The Clerk is directed to accept no further submissions from appellant in this closed case.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

By:

    Michael C. McGrail
    Deputy Clerk/LD

* Circuit Judge Garland did not participate in this matter

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 02-5334**                                    **September Term, 2002**

*[handwritten: JUDICIAL FUNCTION]*

02cv01435

**Filed On: April 30, 2003** [746607]

Don Hamrick,
      Appellant

*[handwritten: Corruption of Justice
Obstruction of Justice
Criminal Conduct on the Bench]*

v.

George W. Bush, Jr., et al.,
      Appellees

**BEFORE:** Edwards, Sentelle, and Garland, Circuit Judges

## ORDER

Upon consideration of the motion for appointment of counsel; the motions for judicial notice of adjudicative facts and the supplement thereto; the motion to amend the record; the motions to submit evidence; the motion for the issuance of subpoenas; the motion for leave to file an appendix; the motion to substitute a party; the motion for leave to file a petition for a writ of certiorari; the motion to invite amicus curiae briefs; the motion for rulings on motions dismissed as moot by the district court; and the motion for publication; it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated any likelihood of success on the merits. It is

**FURTHER ORDERED** that the motions for judicial notice be denied. This court may only take judicial notice of facts, not legal arguments. See Fed. R. Evid. 201(b)(2) (judicial notice may be taken of a fact that is "not subject to reasonable dispute" and is "generally known within the territorial jurisdiction of the trial court" or is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Moreover, to the extent appellant argues that he should not be required to pay the appellate filing fee because the district court did not require him to pay its filing fee pursuant to 28 U.S.C. § 1916, this court is not bound by the actions of the district court. It is

*[handwritten: DC Circuit holds itself ABOVE THE LAW (See 1 USC. § 204(a))]*

**FURTHER ORDERED** that the motions to amend the record, to submit evidence, and for the issuance of subpoenas be denied. Appellant provides no reason for this court to depart from its general rule not to consider evidence or theories not presented

*[handwritten: The District Court Obeyed 28 USC § 1916.
The DC Circourt broke the law, 28 USC § 1916.
and 18 USC. § 872]*

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 02-5334                                September Term, 2002

to the district court, see Frito-Lay v. Willoughby, 863 F.2d 1029, 1036 (D.C. Cir. 1988); District of Columbia v. Air Florida, Inc. 750 F.2d 1077, 1084 (D.C. Cir. 1984), nor does he assert that anything "material" has been omitted from the record as it now stands, or that the record does not "truly disclose[] what occurred in district court." Fed. R. App. P. 10(e)(1), (2). It is

**FURTHER ORDERED** that the motion for leave to file an appendix be denied. Appellant's lodged "appendix" primarily contains legal argument, which is properly included in a brief, not an appendix. Because appellant has not sought leave to exceed the word limits on his brief, this motion will be denied. It is

*Held pro se plaintiff to the standards of an attorney.*

**FURTHER ORDERED** that the motion to substitute a party be denied. Appellant has not shown that jurisdiction over the Merchant Marine has been transferred from the Department of Transportation to the Department of Homeland Security. See 46 U.S.C. § 2103. It is

*Fraud and False Statement. 18 USC § 1001*

**FURTHER ORDERED** that the motion for leave to file a petition for a writ of certiorari be denied. Appellant does not need permission from this court to file a petition for a writ of certiorari with the Supreme Court. It is

**FURTHER ORDERED** that the motions to invite amicus curiae briefs, for rulings on motions dismissed as moot by the district court, and for publication be denied. It is

**FURTHER ORDERED**, on the court's own motion, that the court will dispose of the appeal without oral argument on the basis of the record and the presentation in appellant's brief and the supplement thereto. The court has determined that oral argument will not assist it in this case. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).

**Per Curiam**

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02-5334  *ADMINISTRATIVE FUNCTION*  **September Term, 2002**

02cv01435

**Filed On: February 3, 2003** [729570]

*NOT A JUDICIAL FUNCTION*

Don Hamrick,
Appellant

v.

George W. Bush, Jr., et al.,
Appellees

**BEFORE:**    Randolph, Tatel, and Garland, Circuit Judges

## O R D E R

Upon consideration of the court's order to show cause filed October 30, 2002; the motion for leave to appeal without payment of fees pursuant to 28 U.S.C. § 1916; the motion to invite amicus curiae briefs; the motion for rulings on motions dismissed as moot by the district court; the motion to substitute a party; the motion for publication; the motion for leave to file an appendix; the motion for the issuance of subpoenas; the motions for judicial notice of adjudicative facts and the supplement thereto; and the motion for leave to file a petition for a writ of certiorari, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for leave to appeal without payment of fees pursuant to 28 U.S.C. § 1916 be denied. Appellant has not demonstrated that this appeal is one for "wages or salvage or the enforcement of laws enacted for [his] health or safety" as a seaman. 28 U.S.C. § 1916. It is  *Fraud + False Statements 18 USC § 1001*

**FURTHER ORDERED** on the court's own motion, that within 30 days of the date of this order, appellant must either pay the $100.00 appellate docketing fee and the $5.00 filing fee to the Clerk of the District Court, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in the District Court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a)(1). Failure to comply with this order will result in dismissal of the appeal for lack of prosecution. See D.C. Circuit Rule 38. It is  *Extortion 18 USC § 872*

**FURTHER ORDERED** that consideration of the remaining motions be deferred pending further order of the court.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 02-5334**                                **September Term, 2002**

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

**Per Curiam**

2

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

No. 05-5414                                September Term, 2005

*ADMINISTRATIVE FUNCTION*
*DISGUISED AS JUDICIAL FUNCTION*

02cv01434
04cv01235

**Filed On: December 27, 2005**

[939100]

In re: Don Hamrick,
        Petitioner

**O R D E R**

By order filed November 2, 2006, petitioner was order to pay the filing fees or submit a motion for leave to proceed *in forma pauperis* by December 2, 2006. To date, nothing has been received. Upon consideration of the foregoing, it is

**ORDERED**, on the court's own motion, that this petition be dismissed for lack of prosecution.

*Obstruction of Justice*

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

    Linda Jones
    Deputy Clerk

*Plaintiff stood behind 28 U.S.C. § 1916*