UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DON HAMRICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED NATIONS, *et al*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 07-1616 (RMC) |

## MEMORANDUM OPINION

On September 10, 2007, Plaintiff Don Hamrick, a "fully documented U.S. merchant seaman," proceeding *pro se*, filed a complaint ("Pl.'s Compl.") against the United States and the United Nations. The Complaint is, among other things, a "Constitutional challenge to all Federal and State statutes on firearms under the Second Amendment." Plaintiff asserts a cause of action under the Civil RICO Act, 18 U.S.C. § 1964(a), demands $14 million in damages, and demands "verification and validation of citizen's arrest warrants" for members of the United States Supreme Court and the United States Court of Appeals for the District of Columbia. *See* Pl.'s Compl. at 1; *see also* Pl.'s Emergency Ex Parte Petition [Dkt. # 3] (appending proposed arrest warrants). Embedded in the Complaint are excerpts of news articles, poetry, and tangential discussions about "The United Nations's War of Aggression."

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give fair notice of the claim being asserted so that the defendant will have the

opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The Complaint and the Addendum to Civil Complaint [Dkt. # 4] fail to comply with the requirements of the Rule. Mr. Hamrick's pleadings are ambiguous and illogical, and Defendants should not be forced to devote resources in attempting to decipher them.

Courts have not hesitated to dismiss actions under Rule 8(a)(2) where, as here, the complaint sets forth "a meandering, disorganized, prolix narrative" or was "so verbose, confused and redundant that its true substance, if any, is well disguised." *Brown*, 75 F.R.D. at 499 (citations omitted). Such dismissals may be made on motion or *sua sponte* by the court.[1] *See Resource N.E. of Long Island, Inc. v. Babylon*, 28 F. Supp. 2d 786, 794. A sua sponte dismissal is warranted here but such dismissal will be without prejudice, the usual remedy for noncompliance with Rule 8(a)(2). *Brown*, 75 F.R.D. at 499; *Resource N.E.*, 28 F. Supp. 2d at 796. Plaintiff may file an amended complaint within 30 days (i.e., no later than November 19, 2007) that complies with Rule 8(a)(2). If Mr. Hamrick files an amended complaint that merely recycles the Complaint presently before the Court it may be dismissed with prejudice and the case will then be closed.

For the foregoing reasons, Plaintiff's Complaint [Dkt. # 1] will be dismissed without prejudice.

---

[1] Mr. Hamrick is proceeding *pro se* so his pleadings are entitled to a liberal reading but he still must comply with the Rules of Procedure. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Factual allegations raised by Mr. Hamrick do not meet this requirement.

A memorializing order accompanies this Memorandum Opinion.

Date: October 19, 2007                                    /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge