# In the U.S. District Court of the District of Columbia

333 Constitution Avenue, Washington, DC 20001

## No. 1:07-cv-1616, RMC

| | | |
|---|---|---|
| Don Hamrick, pro se | ) | |
| IN THE CAPACITY OF A | ) | |
| PRIVATE ATTORNEY GENERAL | ) | |
| 5860 Wilburn Road | ) | |
| Wilburn, AR 72179 | ) | **Civil RICO Act** |
|     PLAINTIFF/APPELLANT | ) | **18 U.S.C. § 1964(a)** |
| v. | ) | |
| | ) | |
| United Nations | ) | |
| | ) | |
| United States | ) | |
|     DEFENDANT/APPELLEE | ) | |

# AMENDED COMPLAINT

### JUDICIAL BIAS

A copy of the Court's Memorandum Opinion and the Court's Order dismissing my case (without prejudice) and a copy of my Amended Complaint herein will be filed with the **Inter-American Commission on Human Rights**, Petition No. P-1142-06 as evidence of a continuing effort to violate my human rights to a judicial remedy of my complaint in a United States federal court. A copy of the same will also be delivered to the House and Senate Committees on the Judiciary.

I am again frustrated with the federal court's apparently corruptive intent to keep me from proceeding to trial in defense of my statutory, civil, constitutional, and human rights directly and indirectly related to the Second Amendment and Tenth Amendment of the Bill of Rights to the United States Constitution.

On page 2 of the Court's Memorandum Opinion Judge Rosemay M. Collyer states:

> *"If Mr. Hamrick files an amended complaint that merely recycles the Complaint presently before the Court it may be dismissed with prejudice and the case will then be closed."*

If the Court is attacking my Complaint under Rule 8(a)(2) which only addresses the *length* and *brevity* of a Complaint then the Court cannot rightfully prohibit me from *merely recyling* the subject matter of a redacted Complaint (the merits of the Complaint) because a

**RECEIVED**

OCT 2 4 2007

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

redacted Complaint presents a Complaint that more *plainly* States the Claims, especially when the Claims are CLEARLY LABELED!

Because of the obstructions of justice of my cases these past 5 years by the judicial and executive branches of the U.S. Government I must inform the Court that the costs of this ongoing federal litigation includes costs so great that my career as an able seaman is now suspended due to high blood pressure. Also, I am flat broke because I have spent the greater percentage of time and wages earned to researching, writing and filing my pleadings to the neglect of my income as an able seaman. This is especially true of my case at the U.S. District Court for the Eastern District of Arkansas where my complaint consisted of one volume for the Complaint itself and 3 volumes of evidence in strict ~~complaints~~ *Compliance* with the U.S. Attorney's Manual for Civil RICO complaints that cost me $900 to print and copy for the Court and the named defendants. That case was dismissed in a clearly apparent act of judicial bias for expediency in clearing the docket of unwanted cases resulting from the death of the judge that was assigned to my case. No matter how well I research and write my Complaints the Courts dismisses them as though corruption and judicial bias were the cause!

### Rule 4(c)(2) Service by U.S. Marshals Service

Because of the injustice of wrongful dismissals by the federal courts and the Plaintiff's 5-year pursuit of justice the Plaintiff cannot now afford the cost of service to the defendants, United States and the United Nations. Plaintiff must rely on the Court to provide copies of the Service of Summons and the Complaint to the Defendants.

### 28 U.S.C. § 1963

### REGISTRATION OF JUDGMENTS FOR ENFORCEMENT IN OTHER DISTRICTS

*Hamrick* v. *George*, US District Court for the Western District of NC, Charlotte Division, Case No. 03-cv-0344-W, ORDER, November 9, 2006. Judge Frank D. Whitney:

*"If Plaintiff elects to exercise his appeal rights, **the Court finds that 28 U.S.C. § 1916 waives the requirement of prepayment of docket fees or furnishing security therefor** , and the Clerk of Court is so instructed."*

## RULE 42

## CONSOLIDATING THE FOLLOWING CASES:

The Cases below marked with • must be consolidated with the present case not only for the interest of justice but also because I was unjustly denied my right to due process as a direct consequence of the politicalization of the federal courts and the U.S. Department of Justice culminating in the resignation of top Justice officials up to and including theAttorney General Alberto Gonzales, and it would be extremely cost prohibitive for me to reproduce all the court records from these cases as direct relevant evidence in this Case, especially for Case No. 06-0044 at the U.S. District Court in Little Rock consisting of about 1,700 pages, double-sided printing, in 4 volumes each at a thickness of about 1 inch.

## RELATED ACTIVE CASES:

•8th Circuit, Case No. 07-2400

•U.S. District Court, Little Rock, Northern Division, No. _____

•U.S. District Court, St. Louis for the Eastern District of Missouri, No. _____

International Commission on Human Rights, Washington, DC, No. 1142-06.

## RELATED CASES UNLAWFULLY DISMISSED/CLOSED:

*"Judge's dismissal for no cause is reversible." Foman* v. *Davis*, 371 US 178 (1962)

•U.S. District Court/DC, No. 02-1434 (OBEYED 28 U.S.C. § 1916)

•U.S. District Court/DC, No. 02-1435 (OBEYED 28 U.S.C. § 1916)

•U.S. District Court/DC, No. 03-2160 (OBEYED 28 U.S.C. § 1916)

•U.S. District Court/DC, No. 04-0422 (OBEYED 28 U.S.C. § 1916)

U.S. District Court/DC, No. 04-2040 (OBEYED 28 U.S.C. § 1916)

U.S. District Court/DC, No. 05-1993 (OBEYED 28 U.S.C. § 1916)

U.S. District Court/Charlotte, NC), No. 04-0065 (OBEYED 28 U.S.C. § 1916)

U.S. District Court/Charlotte, NC), No. 04-0344 (OBEYED 28 U.S.C. § 1916)

•DC Circuit, No. 02-5334 (VIOLATED THE LAW)

•DC Circuit, No. 04-5316 (VIOLATED THE LAW)

DC Circuit, No. 05-5414 (VIOLATED THE LAW)

DC Circuit, No. 05-5429 (VIOLATED THE LAW)

•U.S. District Court/Little Rock, No. 06-0044. (VIOLATED THE LAW)

•U.S. Supreme Court, Nos. 03-145 (VIOLATED THE LAW)

•U.S. Supreme Court, Nos. 04-1150 (VIOLATED THE LAW)

•U.S. Supreme Court, Nos. 04M56 (VIOLATED THE LAW)

## Exceptions to Tort Liability Cannot Be Claimed
### under 28 U.S.C. § 2680(a):

The U.S. Coast Guard did not have the discretionary duty to deny Plaintiff's Application for National Open Carry Handgun endorsement on his Merchant Mariner's Document on the personal judgment of the Coast Guard Officer that such an endorsement provided no benefit to marine safety or security by admission of fact that their were (and still are) no federal laws or regulations for or against such an endorsement. The Coast Guard Officer's duty was first to consult the U.S. Constition and the Bill of Rights for guidance when there are no federal laws or regulations for or against such an endorsement.

## Exceptions to Tort Liability Cannot Be Claimed
### under 28 U.S.C. § 2680(a):

The Courts do not have the discretionary authority to compel payment of filing fees from a U.S. seaman filing a Second Amendment case qualifying under the "safety clause" of 28 U.S.C. § 1916 nor to dismiss such cases on the pretext of "failure to prosecute" for refusal to pay the courts filing fee. The federal courts collection of filing fees is not a judicial function but is an administrative function and as such does not have the protection of absolute immunity or immunities of any can because if becomes a criminal act of felony extortion or attempted felony extortion under 18 U.S.C. § 872.

## JURISDICTION
### 28 U.S.C. § 1330(b). Actions Against Foreign States:

Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under 28 U.S.C. § 1608.

### 28 U.S.C. § 1604. Immunity of a Foreign State From Jurisdiction (*Foreign Sovereign Immunities Act of 1976*):

*Subject to existing international agreements to which the United States is a party* at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter. (*PLAINTIFF'S COMMENTARY: It is through the exception clause, "Subject to existing international agreements to which the United States is a party" that the United Nations waives it's "privileges and immunities" under the International Bill of Human Rights consisting of Articles 7, 8, 9, 10, 12, 13, 19, 20, 27, of theUniversal Declaration of Human Rights; Articles 3 and 5 of the International Covenant on Economic, Social and Cultural Rights; Articles 1, 2, 3, 5, 6, 9, 14, 17, and 19 of the International Covenant on Civil and Political Rights*; Article 4 of the United Nations General Assembly Resolution 3314 (XXIX), December 14, 1974 *Definition of*

4

*Aggression* is construed to include the United Nations global gun control campaign on Small Arms and Light Weapons as a War of Aggression against the People of Member States derogating and depriving their individual right to life and their right to self-determination in violation of Article 2(c) and Article 3(c) of the Genocide Convention; all or part of the above allegations also apply against the United States.)

**28 U.S. Code § 1605 General Exceptions to the Jurisdictional Immunity of a Foreign State (*Foreign Sovereign Immunities Act of 1976*):**

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver ; (*PLAINTIFF'S COMMENTARY: Waiver is implied by Article 6, Clause 1 of the International Covenant on Civil and Political Rights: Every human being has the inherent right to life. This right shall be protected by law. No one shall be arbitrarily deprived of his life ; and by Article 2, Clause 3(b) of the International Covenant on Civil and Political Rights: To ensure that any person claiming such a remedy shall have his right thereto determined by competent judicial, administrative or legislative authorities, or by any other competent authority provided for by the legal system of the State, and to develop the possibilities of judicial remedy*)

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act

outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States; (*PLAINTIFF'S COMMENTARY: Federal and State gun control laws are modeled after the United Nations global gun control agenda abolishing "Small Arms and Light Weapons" from private ownership and possession.*)

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue; (***HAMRICK COMMENTARY:*** *The Fifth Amendment Takings Clause includes non-physical takings. Non-physical takings include "immovable property situated in the United States." "Immovable property situated in the United States" includes the Second Amendment right to keep and bear arms.*)

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal

injury or death, or damage to or loss of **property**, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused,
>
> (**HAMRICK COMMENTARY:** *United Nations' observance of our Second Amendment right to keep and bear arms is NOT discretionary.*) or

**28 U.S.C. § 1346(b)(1). United States as defendant:** Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## CASE LAW

*Cohens* v. *Virginia*, 19 U.S. 264, at 404 (6 Wheaton 264) (1821)

> It is most true that this Court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment and conscientiously to perform our duty. In doing this on the present occasion, we find this tribunal invested with appellate jurisdiction in all cases arising under the Constitution and laws of the United States. We find no exception to this grant, and we cannot insert one.

*Mireles* v. *Waco*, 502 U.S. 9, at 11 (1991):

> . . . a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227 -229; Stump v. Sparkman, 435 U.S., at 360.

*Chandler* v. *Judicial Council*, 398 U.S. 74, at 140 (1970), Chief Justice Berger:

> If [judges] break a law, they can be prosecuted.

*Chandler* v. *Judicial Council*, 398 U.S. 74, at 141-142 (1970), Justice Black and Douglas in their dissenting opinion agreed with Chief Justice Berger on the point made above:

> While judges, like other people, can be tried, convicted, and punished for crimes . . .

HAINES V. KERNER, 92 S.Ct. 594; JENKINS V. MCKEITHEN, 395 US 411, 421 (1969); PICKING V. PENNA. RWY. CO. 151 F.2d 240; PUCKETT V. COX, 456 F.2d 233

> Pro Se (Without a Lawyer, representing self) pleadings are to be considered without technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers.

US v. GUEST, 86 S.Ct. 1170; US v.COMPAGNA, 146 F.2d 524

> A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it; statutes of limitations tolled for previous acts when each new act is done.

YICK WO V. HOPKINS, 118 S.Ct. 356 (1886)

> Laws and Court procedures that are "fair on their faces" but administered "with an evil eye and a heavy hand" (discriminatorily) are unconstitutional.

*United States* v. *Lee*, 106 U.S. 196, at 220 (1882):

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

*Duncan* v. *Missouri*, 152 U.S. 377, 382 (1894):

> [T]he privileges and immunities of citizens of the United States protected by the fourteenth amendment are privileges and immunities arising out of the nature and essential character of the federal government, and granted or secured by the constitution; and due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government; . . .

*Wilson* v. *State*, 33 **Arkansas**, 557, 560 (1878) (*striking a ban on unconcealed carry*).

> If cowardly and dishonorable men sometimes shoot unarmed men with army pistols or guns, the evil must be pre vented by the penitentiary and gallows, and not by a general deprivation of a constitutional privilege.

*Hartford Fire Ins. Co.* v. *California*, 509 U.S. 764 (1993) **[PLAINTIFF'S NOTE: "I CAN PROVE MY CASE if the Federal Courts were not so corrupt!]**

> [A] complaint should not be dismissed unless `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'— *McLain* v. *Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980) (quoting **Conley v. Gibson, 355 U.S. 41, 45 -46 (1957)**).

*Conley* v. *Gibson*, 355 U.S. 41 at 48 (1957)

> Following the simple guide of Rule 8 (f) that —all pleadings shall be so construed as to do substantial justice, we have no doubt that petitioners'complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the

approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. *Maty* v. *Grasselli Chemical Co.*, 303 U.S. 197. (1938) (*Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.*)

*United States* v. *Chadwick*, 433 U.S. 1, at 16 (1976)

. . . it is deeply distressing that the Department of Justice, whose mission is to protect the constitutional liberties of the people of the United States, should even appear to be seeking to subvert them by extreme and dubious legal arguments. It is gratifying that the Court today unanimously rejects the Government's position. □

*Forrester* v. *White*, 484 U.S. 219 (1988):

This Court has never undertaken to articulate a precise and general definition of the class of acts entitled to immunity. The decided cases, however, suggest an intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform. Thus, for example, the informal and ex parte nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character. See *Stump* v. *Sparkman*, 435 U.S. 349, 363 , n. 12 (1978). Similarly, acting to disbar an attorney as a sanction for contempt of court, by invoking a power —possessed by all courts which have authority to admit attorneys to practice,□ does not become less judicial by virtue of an allegation of malice or corruption of motive. *Bradley* v. *Fisher*, 13 Wall., at 354. [484 U.S. 219, 228] As the *Bradley* Court noted: —Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort.□ Ibid.

Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. In *Ex parte Virginia*, 100 U.S. 339 (1880), for example, this Court declined to extend immunity to a county judge who had been charged in a criminal indictment with discriminating on the basis of race in selecting trial jurors for the county's courts. The Court reasoned:

Whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent. Whether he was a county judge or not is of no importance. The duty of selecting jurors might as well have been committed to a private person as to one holding the office of a judge. . . . That the jurors are selected for a court makes no difference. So are court-criers, tipstaves, sheriffs, &c. Is their election or their appointment a judicial act? Id., at 348.

Although this case involved a criminal charge against a judge, the reach of the Court's analysis was not in any obvious way confined by that circumstance.

Likewise, judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys. *Supreme Court of Virginia* v. *Consumers Union of United States, Inc.*, 446 U.S. 719 (1980). In explaining why legislative, rather than judicial, immunity furnished the appropriate standard, we said: —Although it is clear that under Virginia law the issuance of the Bar Code was a proper function of the Virginia Court, propounding the Code was not an act of adjudication but one of rulemaking.□ Id., at 731. Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would [484 U.S. 219, 229] be amenable to suit for

injunctive and declaratory relief. Id., at 734-737. Cf. Pulliam v. Allen, 466 U.S. 522 (1984). Once again, it was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis.

## F.R.Cv.P. Rule 11(b) Representations to Court.

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

## Law Review Articles

Adam Winkler, SCRUTINIZING THE SECOND AMENDMENT, 105 Mich. L. Rev. 683 (February, 2007)

Cheryl Boudreau and Mathew D. McCubbins, THE BATTLE FOR TRUTH: THEORY AND EXPERIMENTS REGARDING COMPETITION AND THE ADVERSARIAL SYSTEM, University of San Diego School of Law Legal Studies Research Paper Series, Research Paper No. 07-63, September 2006

Monroe H. Freedman, IN PRAISE OF OVERZEALOUS REPRESENTATION - LYING TO JUDGES, DECEIVING THIRD PARTIES, AND OTHER ETHICAL CONDUCT, Hofstra University Law School, Legal Studies Research Paper Series, Research Paper No. 06-9

Stuart P. Green, LYING, MISLEADING, AND FALSELY DENYING: HOW MORAL CONCEPTS INFORM THE LAW OF PERJURY, FRAUD, AND FALSE STATEMENTS, Hastings Law Review, Vol. 53, Nov. 2001, pp.157-212

Citing David B. Kopel, Paul Gallant, & Joanne D. Eisen, Firearms Possession by 'Non-state Actors': The Question of Sovereignty, 373 Texas Review of Law & Politics, Vol. 8, No. 2, the Introduction at 374-376, and the Conclusion at 435-436

## BOOK REVIEW

William R. Tonso, _UNSPEAK' AND THE GUN PROHIBITIONISTS, February 10, 2007

## FEDERAL QUESTIONS:

## 28 U.S.C. § 1331 Federal Question:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

DISTRICT OF COLUMBIA OFFICIAL CODE 2001 EDITION

DIVISION IV. CRIMINAL LAW AND PROCEDURE AND PRISONERS.
TITLE 23. CRIMINAL PROCEDURE.
CHAPTER 5. WARRANTS AND ARRESTS.
SUBCHAPTER V. ARREST WITHOUT WARRANT.

DC CODE § 23-582. ARRESTS WITHOUT WARRANT BY OTHER PERSONS.

**(b) A private person may arrest another --**

> **(1) who he has probable cause to believe is committing in his presence:**
>
>> **(A) a felony;** or
>>
>> (B) an offense enumerated in section 23-581(a)(2); or
>
> (2) in aid of a law enforcement officer or special policeman, or other person authorized by law to make an arrest.

**(c) Any person making an arrest pursuant to this section shall deliver the person arrested to a law enforcement officer without unreasonable delay.**

(July 29, 1970, 84 Stat. 630, Pub. L. 91-358, title II, § 210(a); Apr. 30, 1988, D.C. Law 7-104, § 7(e), 35 DCR 147.)


**(1) WHETHER** an unrepresented U.S. seaman in a civil RICO Act case has any rights to a jury trial in defense of the Second Amendment against the United States and against the United Nations?

**(2) WHETHER** Federal Law Enforcement Agencies have compelling obligations to investigate the Judicial and Executive Branches upon the presentment of evidence of extortion, obstructions of justice, and conspiracies to obstruct justice, etc. and to assist with a "Citizen's Arrest Warrant" presented by a unrepresented civil plaintiff acting in the capacity of a Private Attorney General in a civil RICO Act case against the U.S. Government in like manner as the public Attorney General?

**(3) WHETHER** the United Nations has the authority to wage a War of Aggression against the human right to armed self defense and personal security in defense of the human right to life as implied by **international** conventions and declarations on the human right to life?

**(4) WHETHER** the United Nations is violating Article 2, Clause 7 of its own U.N. Charter by waging a War of Aggression against the Second Amendment of the Bill of Rights to the U.S. Constitution

**(5) WHETHER** the United Nations has **violated** Article 2, Clause 7 of the U.N. Charter by meddling in the internal affairs of Member States in regard to the rights of the people of the Member States to defend their right to life by "Small Arms and Light Weapons" (invoking the protections of the Genocide Convention) the United Nations can be disbanded under Article 60

*Termination or Suspension of the Operation of a Treaty as a Consequence of its Breach* of the *Vienna Convention on the Law of Treaties 1969* and the *Vienna Convention on the Law of Treaties betweenStates and International Organizations or between International Organizations 1986*

**(6) WHETHER** my cases these past 5 years have been unlawfully dismissed with prejudice and by such unwarranted dismissals WHETHER the United States Government unlawfully denied my rights to a judicial remedy under Article 2, Clause 3 of the *International Covenant on Civil and Political Rights* (part of the *International Bill of Human Rights)*:

Article 2

3. Each State Party to the present Covenant undertakes:

(a) To ensure that any person whose rights or freedoms as herein recognized are violated shall have an effective remedy, notwithstanding that the violation has been committed by persons acting in an official capacity;

(b) To ensure that any person claiming such a remedy shall have **his right thereto determined by competent judicial, administrative or legislative authorities, or by any other competent authority provided for by the legal system of the State, and to develop the possibilities of judicial remedy** ;

(c) To ensure that the competent authorities shall enforce such remedies when granted.

**(7) WHETHER** privileges and immunities allow the United Nations to wage a war of aggression upon the United States Constitution and on the Bill of Rights and on the Thirteenth and Fourteenth Amendments in violation of the Chapter 1, Article 2, Clause 7 of the United Nations Charter?

**(7) WHETHER** the Second Amendment right to keep and bear arms is implied in in the ─right to life☐ clause of Article 6, Clause 1 of the *International Covenant on Civil and Political Rights* :

Article 6

**1. Every human being has the inherent right to life. This right shall be protected by law. No one shall be arbitrarily deprived of his life.**

**(8) WHETHER** the general exceptions of the US Foreign Sovereign Immunities Act of 1976 (*28 U.S. Code § 1605. General Exceptions to the Jurisdictional Immunity of a Foreign State* ) provides the Plaintiff the right to bring a lawsuit against the United Nations for breaches of the United Nations Charter, international covenants, conventions, and declarations on human rights, and the genocide convention and their war of aggression against the Second Amendment.

11

# COMPLAINT

I find the Court's imposition of Rule 8(a)(2) standard of pleading contradicts the U.S. Supreme Court's ruling on *Pro Se* pleadings for prison inmates in *Haines* v. *Kerner* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652. (1972):

> Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears [404 U.S. 519, 521] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

> Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith.

Does a prison inmate have rights that I, as a law-abiding *Pro Se* civil plaintiff, do not have? Am I to be held to the standards of an attorney because I am not a prison inmate or because of the subject matter of my complaint puts the United States Government in an unfavorable light?

The Court is clearly holding me to the standards of an attorney in violation of judicial standards set out by the U.S. Supreme Court in defense of *Pro Se* rights.

The *'right to* [openly] *keep and bear arms'* clause of the Second Amendment in the Bill of Rights to the United States Constitution is an 'Absolute Right' under the Tenth Amendment as the final arbiter on the balance of power between the People, the State Governments, and the United States Government! Therein rests the right to armed rebellion against any a government, be it local, county, State, or Federal Government that becomes oppressive and despotically tyrannical in a militaristic or fascist regime or any other type of government operating outside the limits of the United States Constitution. The "shall not be infringed" clause of the Second Amendment implies an 'Absolute Right' because something that is Absolute means that it cannot be infringed. This is simple deduction.

The oft asserted judicial and executive branch claim of governmental interest for the United States in prohibitively or restrictively legislating and regulating firearms possession, carriage, and usage under the Second Amendment to its near extinction is allegedly dibe through the Commerce Clause for the purpose of crime prevention and regulating commerce is, in actuality, the ways and means to commit either genocide or politicide at some future time.

Crime prevention through disarmament is a fraudulent farce against humanity. Gun control as a crime prevention measure is a proven dismal failure many times over. There is no other effective goal against the Second Amendment rights of the American people but genocide or politicide. The 'right to life' provisions under the International Bill of Human Rights and other international conventions and declarations imply that our Second Amendment 'right to [openly] keep and bear arms' is an absolute right to protect ourselves from our own local, county, State, and Federal Governments, especially under the Genocide Convention as well as from invading forces (illegal immigration), under the Law of Nations. And by extension the ultimate goal of the United Nations global gun control agenda is to empower the Member States to an increased capability and efficiency to commit genocide or politicide without fear of armed reprisals from their own people that they may someday want to kill, massacre, or slaughter. Simple logic demands this conclusion."

# Stating the Claims

### Clearly and Concisely under Rule 8(a)(2) and
### with Particularity under Rule 9(b).

#### DEMAND (1):
#### VERIFICATION AND VALIDATION OF CITIZEN'S ARREST WARRANT
#### UNDER F.R.Cv.P. RULE 64 SEIZURE OF PERSON AND PROPERTY:

Under penalty of perjury, under the laws of the United States of America, I am the unrepresented civil plaintiff, Don Hamrick, sui juris, citizen of Arkansas and of the United States under the Ninth, Tenth, Thirteenth and Fourteenth Amendments, acting in the capacity of a *Private Attorney General* with a civil RICO Act case against the United States Government for violations of statutory, civil, and constitutional rights and of humans rights under the International Bill of Human Rights and other international covenants, conventions, and declarations and against the United Nations for breach of Article 2, Clause 7 of the United Nations Charter and of international humans rights under the International Bill of Human Rights and other international covenants, conventions, and declarations on human rights in defense of not only my own rights under the Second Amendment but also for the Second Amendment rights of the citizens of the United States at large.

I therefore and hereby file this Complaint for verification and validation of my Citizen's Arrest Warrant; that probable cause exists to justify the immediate arrest and arraignment of federal judges, their court clerks, and other court personnel implicated above on formal charges

of felony extortion (18 U.S.C. § 872) as a predicate act to racketeering activities 18 U.S.C. 1961(1)(A), of exempted filing fees from the unrepresented civil Plaintiff Don Hamrick, a fully documented U.S. merchant seamen in violation of the Seamen's Suit law (28 U.S.C. § 1916) and for conspiring to engage in a pattern of racketeering activities in connection with this Civil RICO Action and for participating as principals (18 U.S.C. § 2) in racketeering activities (18 U.S.C. § 1962) as accessories after the facts (18 U.S.C. § 3) and for misprision of felony (18 U.S.C. § 4), of an unlawful and an unconstitutional protection scheme over the Second Amendment and for triple damages for violations of my statutory, civil, constitutional and human rights under 18 U.S.C. § 1964(c).

**CLAIM (1):**

**The U.S. Department of Justice criminally withheld vital direct relevant evidence vindicating my Second Amendment case (U.S. District Court for DC, No. 03-2160):**

**CHRONOLOGY OF THE JUSTICE DEPARTMENT'S WITHOLDING EVIDENCE FROM THE DISTRICT COURT IN THE MATTER OF THEIR MEMORANDUM OPINION TITLED, "WHETHER THE SECOND AMENDMENT SECURES AN INDIVIDUAL RIGHT"**

**OCTOBER 21, 2003.** I filed my RICO Act case for the Second Amendment at the U.S. District Court for DC (No. 03-2160). Alan Burch, Assistant U.S. Attorney from the U.S. Attorney's Office in Washington, DC (555 4TH ST., NW).

**JUNE 2, 2004.** Almost 7.5 months since I filed my case Alan Burch is "Terminated" (word used in the Docket Report) and was replaced by Dennis Barghaan, "Special Attorney" from the U.S. Attorney's Office for the Western District of Virginia in Alexandria under 28 U.S.C. § 515 (out of jurisdiction U.S. Attorney). The Plaintiff alleges that the switch of defense attorneys has a direct bearing on the impending internal release of the Justice Department's Memorandum Opinion titled, Whether the Second Amendment Secures an Individual Right on August 24, 2004, just 83 days away. Something had to be done to prevent the Plaintiff from using that Memorandum Opinion as evidence in the District Court. So, the Justice Department brounght in a hatchet man to expedite the dismissal of Plaintiff's case before the expected release date of the Memorandum Opinion. This implies a conspiracy against the due process rights of the Plaintiff in violation of 18 U.S.C. § 241. Plaintiff alleges that the sole purpose for the switch in defense attorneys is to effectively deny the Plaintiff his right to use the Justice Department's upcoming Memorandum Opinion on the Second Amendment as evidence supporting his case.

**JUNE 21, 2004.** Dennis Barghaan filed the Motion to Dismiss just 19 days after replacing Alan Burch. Plaintiff observes that the Department of Justice was going to internally release their Memorandum Opinion on August 24, 2004 which is just 64 days from June 21. Plaintiff has 60 days to respond to the Motion to Dismiss. If Dennis Barghaan had prior knowledge of the Department of Justice's Memorandum Opinion it is the Appellant's belief that he had a duty to inform the court of the impended release of this Memorandum Opinion because it had a direct impact upon the case at hand. If Dennis Barghaan did not have prior knowledge then the duty fell upon the Department of Justice to inform Dennis Barghaan of the impending release of the Memorandum Opinion because it was and is admissible evidence affecting the integrity of the governments argument against the Plaintiff/Appellant. The fact that the existence of the Memorandum Opinion was never made known to the District Court or to the DC Circuit or even to the Plaintiff, that the Plaintiff learned of the Memorandum Opinion through his Internet news links implies a deliberate attempt to subvert justice. The Appellant alleges that the timing of Dennis Barghaan's Motion to Dismiss occurring jut 64 days before the internal release o the Memorandum implies prior knowledge calculated to unjustly defeat Appellant's case at the District Court. The Appellant further alleges that Dennis Barghaan's obstructive tactics are meant to harass or to cause unnecessary delay or needless increase in the cost of litigation and Dennis Barghaan's denials of factual contentions are not warranted on the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief because the Appellant has now identified the Memorandum Opinion as admissible evidence and there can be no lack of information on the Second Amendment as an individual right because it was the duty of the Justice Department to inform Dennis Barghaan of the Memorandum Opinion. That fact that this was not done implies an intentional violation of Rule 11(b)(1) and Rule 11(b)(4) of the Federal Rules of Civil Procedure

**JULY 12, 2004.** The Justice Department issues a press release stating that Paul D. Clement was will serve as acting Solicitor General.

**JULY 15, 2004.** The judge, Reggie B. Walton, denies my Motion for Change of Venue.

**AUGUST 10, 2004.** My Objection to Motion to Dismiss filed out of time (because Kinkos lost my emailed Objection due to a virus attack. But Dennis Barghaan in a footnote in his rebuttal did not oppose my filing out of time).

**AUGUST 16, 2004.** Dennis Barghaan files his rebuttal to my objection.

**AUGUST 16, 2004.** Wasting no time Judge Reggie B. Walton grants Motion to Dismiss just 8 days before the internal release of the Justice Department's Memorandum Opinion. A job well done by Dennis Barghaan. Does Judge Walton actually read these motions?

**AUGUST 24, 2004. Direct Relevant Evidence Concealed from the Court & Plaintiff.** U.S. Department of Justice internally published their Memorandum Opinion for the Attorney General John Ashcroft titled, Whether the Second Amendment Secures an Individual Right. The Department of Justice did not release the Memorandum Opinion to the public until mid-December 2004, for obvious political gain until well after the presidential election in November. That Memorandum Opinion is documentary evidence, a government record under 28 U.S.C. § 1733 and is admissible as evidence because under Rule 704 of the Federal Rules of Evidence the Memorandum Opinion becomes an Opinion on an Ultimate Issue because it embraces an ultimate issue to be decided by the trier of fact. [Rule 406 Habit/Routine Practice]

**AUGUST 27, 2004.** Plaintiff filed Notice of Appeal.

**AUGUST 27, 2004.** On this date President Bush issues Executive Order 13353 Establishing the President's Board on Safeguarding Americans' Civil Liberties. The Deputy Attorney General James Comey is appointed as Chairman. However, there may exist a conflict of interest with this appointment. In the May 21, 2001 edition of U.S. News & World Report then U.S. Attorney James Comey is reported to have said "To us gun possession itself is a crime of violence"• in discussing Virginia's Project Exile program. James Comey's position against the Second Amendment as an individual right back then does not exactly square with his appointment to the President's Board on Safeguarding American Civil Liberties. At best it compares more accurately to a Trojan Horse tactic for an undisclosed agenda.

**SEPTEMBER 9, 2004.** Appellant filed his Appellant's Brief at the DC Circuit.

**SEPTEMBER 14, 2004.** Appellant filed Motion for Permissive Intervention By The President's Board on Safeguarding Americans' Civil Liberties And Other Third Parties & Motion for Appeal Conference. The DC Circuit has not yet ruled on this motion or any motion for judicial notice of adjudicative facts or presumptions in general that the Plaintiff has filed. Copy of this motion was FedEx'd to the Deputy Attorney General James Comey as Chairman of that civil liberties board. No response has yet been received. This is not a very good track record for the Government on protecting the civil liberties of the American people when the federal courts and the Executive Branch treats a pro se Plaintiff in such a manner.

**OBSERVATION FROM TIMELINE:** Alan Burch was almost 7.5 months (225 days) as defense counsel and hadn't filed the Motion to Dismiss. He was under Ted Olson as Solicitor General. Dennis Barghaan took a fast 2 months, 3 weeks, 4 days (75 days total) to get Judge Reggie B. Walton to dismissed the Plaintiff's case with prejudice. It is the Appellant's understanding that if evidence does not get admitted into the record at the District Court then that evidence cannot be submitted at the Appellant level. However, the ethical conduct of Dennis Barghaan and the Justice Department can be submitted as evidence of a conspiracy to subvert justice and for other allegations which can lead the DC Circuit in overturning the District Courts dismissal with prejudice.

## CLAIM (2)

### Circumstantial Evidence Implicates the U.S. Marshals Service with Allegations of Obstruction of Justice:

Circumstantial evidence exists to implicate agents of the U.S. Marshals Service in a conspiracy to obstruct justice, *42 U.S.C. § 1985(2),* and in a conspiracy against my statutory, civil, and constitutional rights *18 U.S.C. § 241 Conspiracy Against Rights*; and by such *Conspiracies to Interfere with Civil Rights, 42 U.S.C. § 1985(2) and (3),* did deprive me of my rights, under *18 U.S.C. § 242. Deprivation of Rights Under Color of Law*; to a jury trial, *18 U.S.C. § 245(b)(4), Federally Protected Activities* in regard to *18 U.S.C. § 245(b)(1)(B) and (E)* and thereby violated my Equal Rights Under the Law, 42 U.S.C. § 1981; for obstructing my right to a jury trial in order to defend my Property Rights under the Second Amendment, under 42 U.S.C. § 1982.

## CLAIM (3)

### Federal judges have denied my right of access to the federal courts and my right to substantial due process under the Fifth and Fourteenth Amendments and my right to a jury trial.

I am an unrepresented U.S. seaman in a civil RICO Act case acting in the capacity of a Private Attorney General. has any rights to a jury trial in defense of the Second Amendment against the United States and against the United Nations?

## CLAIM (4)

### Obstruction of Justice

Federal Law Enforcement Agencies have obstructed justice by refusing to recognize any criminal acts by the Judicial and Executive Branches even when I presented evidence of

extortion, obstructions of justice, and conspiracies to obstruct justice. Federal Law Enforcement agencies have refused to acknowledge my standing as an unrepresented civil plaintiff acting in the capacity of a Private Attorney General in like manner as the public Attorney General and refused to assist with my "Citizen's Arrest Warrant" for extortion by federal judges and court clerks in my civil RICO Act case against the U.S. Government.

## CLAIM (5)
### The United States and the United Nations are waging a War of Aggression against the Second Amendment.

For an example of the United States War of Aggression against the Second Amendment see Exhibit 1. The United Nations *PROGRAMME OF ACTION TO PREVENT, COMBAT AND ERADICATE THE ILLICIT TRADE IN SMALL ARMS AND LIGHT WEAPONS IN ALL ITS ASPECTS* (UN Document A/CONF.192/15)2 is a *WAR OF AGGRESSION* (see Exhibit 2 for U.N. Definition of Aggression) against the human right to armed self defense and personal security in defense of the human right to life as implied by **international** conventions and declarations on the human right to life.

## CLAIM (6)
### The United Nations' War of Aggression on the Second Amendment

The United Nations's War of Aggression is violating Article 2, Clause 7 of its own U.N. Charter by waging a War of Aggression against the Second Amendment of the Bill of Rights to the U.S. Constitution by meddling in the internal affairs of Member States in regard to the rights of the people of the Member States to defend their right to life by "Small Arms and Light Weapons" (invoking the protections of the Genocide Convention) the United Nations can be disbanded under Article 60 *Termination or Suspension of the Operation of a Treaty as a Consequence of its Breach* of the *Vienna Convention on the Law of Treaties 1969* and the *Vienna Convention on the Law of Treaties betweenStates and International Organizations or between International Organizations 1986*

## CLAIM (7)
### Withholding Evidence

The U.S. Department of Justice unlawfully withheld as vital direct relevant evidence their Memorandum Opinion on the Second Amendment, dated August 24, 2004, from the U.S. District Court for DC in Case No. 03-2160 and from the me, the unrepresented civil plaintiff. Moreover, the U.S. Department of Justice fast-tracked my case to dismissal on August 16, 2004

just 8 days before the internal release of that Memorandum Opinion. Even more egregious is that their Memorandum Opinion was not released to the public until mid-December 2004 so as not to have any effect on the presidential election of November 2004. The implication that the Memorandum Opinion was not released to the public until well after the November elections is made by Monica Gooding's congressional testimony on the criminal activities of preventing African-American and military absentee voters from casting their votes, known as "caging" which corresponds to my allegation that the GOP did not want anything to jeopardize their chances at winning the presidential election. This is an example of racketeering activities.

## CLAIM (8)
### Abuse of the Federal Rules of Civil Procedure

**On January 13, 2004**, Judge Richard W. Roberts, of the U.S. District Court for the District of Columbia, No. 03-2160, issued his Order granting recusal recommending that a judge from another district be assigned to my case:

> *"The Clerk of the Court is directed to reassign this matter to the Calendar Committee. Because United States District Judge Ellen Segal Huvelle of this Court is also a named defendant in this suit, I recommend to the Calendar Committee that it seek to have a judge from another district assigned to this matter."*

**On January 14, 2004** Judge Reggie B. Walton issued his Memorandum Opinion in *Seegars* v. *Ashcroft*, No. 03-834; 297 F. Supp. 2d 201, 204 (D.D.C. January 14, 2004), a Second Amendment case, in which he claimed that *"the Second Amendment does not apply to the District of Columbia."*

**On January 15, 2004** my Second Amendment case was *NOT* reassigned to a judge from another district but to Judge Reggie B. Walton of the same district as Judge Roberts – the U.S. District Court for the District of Columbia. My every attempt to get Judge Walton recused for bias failed. Judge Reggie B. Walton of the U.S. District Court for DC in Case No. 03-2160 was assigned to my case under suspicious circumstances on Motion for Recusal of Judge Roberts. How and why did the Calendar Committee reassign my case to Judge Reggie B. Walton when he just ruled on the Second Amendment in the *Seegars* case the day before? This has all the implications of judicial bias, misconduct, and corruption written all over it! My complaints to the U.S. Department of Justice for an investigation were ignored.

## CLAIM (9)
## Human Rights Violations

The United States Government has committed human rights violations in my cases these past 5 years have been unlawfully dismissed with prejudice and by such unwarranted dismissals. The United States Government has unlawfully denied my rights to a judicial remedy under Article 2, Clause 3 of the *International Covenant on Civil and Political Rights* (part of the *International Bill of Human Rights)*:

> Article 2
>
> 3. Each State Party to the present Covenant undertakes:
>
> (a) To ensure that any person whose rights or freedoms as herein recognized are violated shall have an effective remedy, notwithstanding that the violation has been committed by persons acting in an official capacity;
>
> (b) To ensure that any person claiming such a remedy shall have **his right thereto determined by competent judicial, administrative or legislative authorities, or by any other competent authority provided for by the legal system of the State, and to develop the possibilities of judicial remedy** ;
>
> (c) To ensure that the competent authorities shall enforce such remedies when granted.

The United States and the United Nations refuse to acknowledge are accept the fact that the Second Amendment right to keep and bear arms is implied in the "right to life" clause of Article 6, Clause 1 of the *International Covenant on Civil and Political Rights* :

> Article 6
>
> 1. Every human being has the inherent right to life. This right shall be protected by law. No one shall be arbitrarily deprived of his life.

## CLAIM (10)
## Judicial Bias Against Pro Se Plaintiff with Human Rights Case

## THE UNITED NATIONS WRONGFULLY HIDES BEHIND "PRIVILEGES & IMMUNITIES" AS AN AFFIRMATIVE DEFENSE FROM LAWSUITS AS THEY WAGE A WAR OF AGGRESSION AGAINST OUR SECOND AMENDMENT

The U.S. District Court, Little Rock violated the general exceptions of the US Foreign Sovereign Immunities Act of 1976 (*28 U.S. Code § 1605. General Exceptions to the Jurisdictional Immunity of a Foreign State* ) that I have the statutory right and the human right

to bring a lawsuit against the United Nations for breaches of the United Nations Charter, and international covenants, conventions, and declarations on human rights, and the genocide convention as a consequence of their war of aggression against the Second Amendment.

Judge Moody of the U.S. District Court for the Eastern District of Arkansas in Case No. 06-0044 wrongfully dismissed my Amended Complaint adding the United Nations as Lead

Defendant on the basis that "privileges and immunities" protects the United Nations from lawsuits. This is not always true! Therefore Judge Moody committed an injustice against an unrepresented civil plaintiff. Consider:

Nicolas Michel, Under-Secretary-General for Legal Affairs, Legal Counsel for the United Nations, in their letter to the U.S. District Court for the Eastern District of Arkansas, Little Rock, Case No. 06-0044, dated April 5, 2007, claimed privileges and immunities as an affirmative defense on behalf of the United Nations under:

(1) Article 105, paragraph 1 of the United Nations Charter;

> *"The Organization shall enjoy in the territory of each of its Members such privileges and immunities that are necessary for the fulfillment of its purposes."*

(2) Article 105, paragraph 3 of the United Nations Charter;

> *"The General Assembly may make recommendations with a view to determining the details o the application of paragraph 1 . . . of this Article or may propose conventions to the Members of the United Nations for this purpose."* UN Charter, Art. 105, 1945 U.S. Code Cong. & Admin. News, at 985.

(3) Article II, Section 2 of the Convention on Privileges and Immunities of the United Nations, February 13, 1946, (CPIUN), 1 U.N.T.S. 15 (1946), General Convention, Art. II, 21 U.S.T. at 1422. noting that the United States of America acceded to the General Convention on April 29, 1970. 21 U.S.T. at 1418; [1970] TIAS No. 6900.

> *"The United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity from every from of legal process except insofar as in any particular case it has expressly waived its immunity. It is, however, understood that no waiver of immunity shall extend to any measure of execution."*

(4) United States International Organizations Immunities Act (IOIA). Pub. L. No. 291, 79th Cong., 1st Sess., December 29, 1945 (codified at 22 U.S.C. 288 et seq.).

PLAINTIFF'S CLAIM: The United Nations does not have the protection of *privileges and immunities* to wage a ***war of aggression*** on the human right to life as implied by the Second Amendment to the United States Constitution, as part of the Bill of Rights and on the Thirteenth

and Fourteenth Amendments as further implied by Article 2, Clause 7 of the United Nations Charter:

> UNITED NATIONS CHARTER CHAPTER 1 - PURPOSES AND PRINCIPLES
>
> ARTICLE 2
>
>> 7. Nothing contained in the present Charter shall authorize the United Nations to intervene in matters which are essentially within the domestic jurisdiction of any state or shall require the Members to submit such matters to settlement under the present Charter; but this principle shall not prejudice the application of enforcement measures under Chapter VII.

I further claim that the United States is conspiring with and assisting the United Nations in their War of Aggression on the American People's Second Amendment right as defined in ARTICLES 4 and 5 of the United Nations' *DEFINITION OF AGGRESSION* which states:

> *Article 4*
>
>> The acts enumerated above [in Article 3] are not exhaustive and the Security Council may determine that other acts constitute aggression under the provisions of the Charter.
>
> *Article 5*
>
>> 1. No consideration of whatever nature, whether political, economic, military or otherwise, may serve as a justification for aggression.
>>
>> 2. A war of aggression is a crime against international peace. Aggression gives rise to international responsibility.

Exhibit 2 presents the United Nations *DEFINITION OF AGGRESSION*.

It is my claim that the United Nations campaign for global gun control under their *PROGRAMME OF ACTION TO PREVENT, COMBAT AND ERADIATE THE ILLICIT TRADE IN SMALL ARMS AND LIGHT WEAPONS IN ALL ITS ASPECTS*, is, in fact and in constitutional and international law, a *War of Aggression* on the individual freedoms of the people of the 192 Member States of the United Nations and even of the countries not Member States of the United Nations in violation of the Article 2, Clause 7, of the United Nations Charter.

To secure my allegation that the United Nations campaign for global gun control is a War of Aggression on individual freedoms in violation of the United Nations Charter I cite ARTICLE 1(b) of the *DEFINITION OF AGGRESSION* defines "State" to include the concept of a "group of States" where appropriate. From that definition in construe the fact that the United Nations is included in the definition of a "State."

ARTICLE 1 of the *DEFINITION OF AGGRESSION* defines Aggression as "*the use of armed force by a State against the sovereignty, territorial integrity or political independence*

of another State, or in any other manner inconsistent with the Charter of the United Nations, as set out in this Definition."

To further secure my allegation I cite ARTICLE 4 of the *DEFINITION OF AGGRESSION* to show that the list of definitions under the United Nations *DEFINITION OF AGGRESSION*, "are not exhaustive and the Security Council may determine that other acts constitute aggression under the provisions of the Charter."

And to further secure my allegation I cite ARTICLE 5, CLAUSE 1, "No consideration of whatever nature, whether political, economic, military or otherwise, may serve as a justification for aggression." From this clarification I allege that that the United Nations campaign for global gun control is without justification.

It is also my allegation under ARTICLE 5, CLAUSE 3., "No territorial acquisition or special advantage resulting from aggression is or shall be recognized as lawful" that the Member States cascadingly passing gun control laws in accordance with the United Nations Programme of Action is an *unlawful acquisition* or an *unlawful special advantage resulting from that aggression* for global gun control.

And it is also my allegation under ARTICLE 7, that the United Nations campaign for global gun control under their Programme of Action unlawfully "prejudices the right to self-determination, freedom and independence, as derived from the [United Nations] Charter, of peoples forcibly deprived of that right and referred to in the DECLARATION ON PRINCIPLES OF INTERNATIONAL LAW CONCERNING FRIENDLY RELATIONS AND COOPERATION AMONG STATES in accordance with the Charter of the United Nations, particularly peoples under colonial and racist regimes or other forms of alien domination: nor the right of these peoples to struggle to that end and to seek and receive support, in accordance with the principles of the [United Nations] Charter and in conformity with the above-mentioned Declaration.

## EXTORTION BY THE FEDERAL COURTS

The U.S. Court of Appeals for the District of Columbia Circuit in Case Nos. 02-5334, 04-5316, extorted their filing fee in violation of federal law, 28 U.S.C. § 1916. The DC Circuit attempted to extort their filing fee in Case No. 05-5414 but denied my appeal for lack of prosecution when I refused to pay their filing fee in defense of my statutory right of exemption because I am a U.S. seaman under 28 U.S.C. § 1916. Motions for the return of the filing fee were unlawfully deny and are construed as corruption and misconduct under the civil RICO Act because extortion, 18 U.S.C. § 872, is a predicate act for racketeering activities because my case

23

is about the Second Amendment rights of U.S. seamen. Such racketeering activities and obstructions of justice are necessary in order to assist the U.S. Supreme Court to avoid hearing a Second Amendment case and the U.S. Supreme Court has not heard a Second Amendment case since *United States* v. *Miller* 307 U.S. 174 (1939).

The U.S. Supreme Court in Case Nos. 03-145 and 04-1150 extorted their filing fees in violation of the same federal law, 28 U.S.C. § 1916 adding to my allegations of extortion as a predicate act for racketeering activities under the civil RICO Act.

The U.S. District Court for the Eastern District of Arkansas in Case No. 06-0044 extorted their filing fee in violation of the same federal law, 28 U.S.C. § 1916 under as a predicate act for racketeering activities. The Plaintiff's best effort at getting the filing fee of this court returned was his Motion for Replevin to which the Court denied.

The U.S. District Court for the District of Columbia should note that it *DID NOT* extort their filing fee from the Plaintiff in Case Nos. 02-1434; 04-1435; 03-2160; 04-2040; 04-mc-0422; and 05-1993. These cases sets up the Cause of Action now before the Court because the Plaintiff has exhausted all available remedies for the return of the extorted filing.

*Hamrick, pro se* v. *President Bush*, 8th Circuit, Nos. 07-1644 and 07-2400; appeals from U.S. District Court, Eastern District of Arkansas, Little Rock, No. 06-0044. Second Amendment case employing the RICO Act against the U.S. Government. The 8th Circuit, in St. Louis denied my appeals of the U.S. District Court's dismissal for lack of prosecution because I refused to pay their filing fee in defense of my statutory right of filing fee exemption provided to me as a seaman in accordance with federal law, 28 U.S.C. § 1916. My latest appeal, No. 07-2400, is pending on Petition for Rehearing En Banc. The dismissals are construed as attempted extortion of their filing fee which is further construed as a predicate act for racketeering activities.

Nearly every motion, every judicial notice of adjudicative facts, nearly every presumption I have filed in all my cases has been denied. My cases repeatedly get dismissed with prejudice for no apparent logical reason especially when the DC Circuit wrongfully affirmed the dismissal of Case No. 04-5316 but remands my case "for further proceedings" on Second Amendment grounds. The phrase "for further proceedings," I believe, was intentionally vague to give Judge Reggie B. Walton wiggle room to apply a judicial "dirty trick," abusing the Federal Rules of Civil Procedure by issuing a "Scheduling Order" that was essentially a redo of Rule 7 pleadings giving the U.S. Department of Justice another chance to file their Motion to Dismiss. Rund-and-round we go on the merry-go-round instead of proceeding to the Discovery Phase under Rule 16 and Rule 26. In retaliation I filed my own Motion to Dismiss and refiled my case in the U.S. District

Court for the Eastern District of Arkansas as provided by federal law. However, I met the same judicial obstructions of justice as I experienced in Washington, DC.

The U.S. Department of Justice, the FBI, U.S. Marshals Service, and the Judicial Committees of the House and Senate have ignored my complaints of judicial misconduct and corruption of the federal judicial system.

### Is the U.S. Marshals Service Criminally Obstructing Justice?

On May 25, 2007 the 8th Circuit in St. Louis dismissed my appeal for lack of prosecution for not paying their filing fee. On May 26, 2007, the very day after that dismissal, I coincidentally visited Senior Inspector Robert Robeson, U.S. Marshals Service in Washington, DC. During the meeting Mr. Robeson volunteering his admission that he knew about the 8th Circuit's dismissal without me having to tell him about it. The manner in which he made his admission was intended to service as intimidation conveying the implied meaning that he is keeping close watch on my case developments.

I find this surveillance to be particularly troublesome. It leads to the allegation that he contacted the court clerks of all the courts I had cases in and because of these contacts it is my reasonable suspicion that the court clerks conveyed this interest by the U.S. Marshals Service to the presiding judges and these judges were thereby negatively influenced by the interest of the U.S. Marshals Service and thereby proceed to obstruct my case with denials of my pleadings and dismissing my cases with prejudice. Therefore I presume the prejudice extends from the U.S. Marshals Service contacts with the courts.

The reason for the U.S. Marshals Service apparent interference with the judicial process of my cases is because of my activities and interest in the right of "Citizen's Arrest" as provided by Rule 64 of the Federal Rules of Civil Procedure and by DC Code § 23-582(c). *Arrests Without Warrant by Other Persons*. This U.S. Marshals Service has conducted a "manhunt" for me by intercepting me at the Greyhound Terminal in 2003(?) on my trip from Arkansas to visit the U.S. Marshals Service for help and information. The U.S. Marshals Service questioned me for about 2 hours on the false belief that I was going to "kidnap" federal judges to effect "citizen's arrest" based upon an email I sent to the U.S. Marshals Service asking for help and information. I construe the conduct of the U.S. Marshals Service as criminal acts of obstruction of justice and aiding and abetting corruption of and extortion by federal judges and court clerks over filing fees under 28 U.S.C. § 1916.

Additionally, the U.S. Department of Justice itself has acted to obstruct justice for political reasons. My Case No. 03-2160 was fast-tracked to dismissal on August 16, 2004 just 8

days before the U.S. Department of Justice internally released their Memorandum Opinion on the Second Amendment on August 24, 2004 finding it to be an individual right: *"The Second Amendment secures a right of individuals generally, not a right of States or a right restricted to persons serving in militias."* Available online at:

http://www.usdoj.gov/olc/secondamendment2.pdf

*"The Conclusion"*

*". . . we conclude that the Second Amendment secures an individual right to keep and to bear arms. Current case law leaves open and unsettled the question of whose right is secured by the Amendment. Although we do not address the scope of the right, our examination of the original meaning of the Amendment provides extensive reasons to conclude that the Second Amendment secures an individual right, and no persuasive basis for either the collective-right or quasi-collective-right views. The text of the Amendment's operative clause, setting out a "right of the people to keep and bear Arms," is clear and is reinforced by the Constitution's structure. The Amendment's prefatory clause, properly understood, is fully consistent with this interpretation. The broader history of the Anglo-American right of individuals to have and use arms, from England's Revolution of 1688-1689 to the ratification of the Second Amendment a hundred years later, leads to the same conclusion. Finally, the first hundred years of interpretations of the Amendment, and especially the commentaries and case law in the pre-Civil War period closest to the Amendment's ratification, confirm what the text and history of the Second Amendment require."*

It has been my allegation that the Special Attorney Dennis Barghaan, brought in from the U.S. Attorney's Office in Alexandria, Virginia, for the purpose of fast-tracking my case to dismissal did so with full knowledge of and by direction of U.S. Department of Justice superiors in order to prevent me from using the Justice Department's Memorandum Opinion as evidence because it would have vendicated the constitutional merits of my case. It is my further allegation that the Justice Department had a judicial duty to inform the Court of the pending release of their Memorandum Opinion for its direct evidence value under their the rules of disclosure. Therefore, the U.S. Department committed the criminal act of obstructing justice for political reasons as later revealed by congressional testimony of Monica Gooding over the scandal of the fired U.S. Attorney's to which the Attorney General Alberto Gonzales has know announced his resignation. These developments demand greater scrutiny of my allegations in light of developments at the U.S. Department of Justice suggested that the prejudicial treatment of all my cases were politically motivated essential denying me my Seventh Amendment right to a jury trial and even denying me my right to access to the federal courts and my rights to substantial due process under the Fifth and Fourteenth Amendments.

No federal court (except the U.S. District Court for the Western District of North Carolina, Charlotte Division) has addressed the Seamen's Suit law, 28 U.S.C. § 1916 and the subsequent extortions under color of law by the DC Circuit, the 8th Circuit, the U.S. District

Court for the Eastern District of Arkansas and the U.S. Supreme Court, 18 U.S.C. § 872 nor my subsequent right and power to effect remedy through citizen's arrest in face of the criminal acts of obstructions of justice by the judicial and executive branches of the U.S. Government.

Respectfully,

Don Hamrick

## CERTIFICATION

I cannot afford the cost of service. However, I did email a copy to:

US Dept of Justice, Washington, DC, I.G. Glenn Find,<inspector.general@usdoj.gov>
US Dept of Justice, Washington, DC, AskDOJ@usdoj.gov,
US Dept of Justice, Washington, DC, Daisy.D.Correa@usdoj.gov,
US Dept of Justice, Washington, DC, Scott.A.Myers@usdoj.gov,
US Dept of Justice, Washington, DC, dc.outreach@usdoj.gov,
US Marshals Service, Washington, DC, Director John Clark, <us.marshals@usdoj.gov>
US Marshals Service, Washington, DC, robert.robeson@usdoj.gov,
US Marshals Service, Little Rock, Dave Loyer, Little Rock <dave.loyer@usdoj.gov>
US Attorney's Office, Little Rock, Duke, Jane <jane.duke@usdoj.gov>
US Attorney's Office, Little Rock, Kim Squires <Kim.Squires@usdoj.gov>
US Attorney's Office, Little Rock, Richard Pence <richard.pence@usdoj.gov>
FBI Field Office, Washington, DC, washington.field@ic.fbi.gov
FBI Field Office, Little Rock, little.rock@ic.fbi.gov,
FBI Field Office, St. Louis, stlouis@ic.fbi.gov,.

Respectfully, ,

Don Hamrick

The Exhibits in the original Complaint are included herein by reference.