UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DON HAMRICK, ) |  |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) | Civil Action No. 07-1616 (RMC) |
| ) |  |
| UNITED NATIONS, *et al.*, ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

## ORDER

On April 21, 2008, the Court issued an Order pursuant to Federal Rule of Civil Procedure 4(m), directing *pro se* Plaintiff, Don Hamrick, to (1) file with the Court proof that the defendants have been served with a summons and complaint; or (2) provide the Court with a written explanation for why service of process has not been completed. *See* Dkt. # 16. The Court warned Mr. Hamrick that if he failed to comply with the Order, or if the Court determined that he had not shown good cause for failure to comply with Rule 4(m), this case would be dismissed without prejudice. *Id.*

Mr. Hamrick responded to the Court's Order on April 29, 2008. *See* Pl.'s Answer to Order ("Pl.'s Resp.") [Dkt. # 17]. In his response, Mr. Hamrick stated that he "do[es] not know why service of the complaint and summons were not performed," but that the most likely explanation is that he is "broke and financially ruined by the 6 years of litigation" that he has been engaged in "as an unrepresented civil plaintiff defending [his] Second Amendment rights as [a] U.S. citizen and as a U.S. merchant seaman." Pl.'s Resp. at 1. Mr. Hamrick requests that the United States Marshals Service ("USMS") provide service of the summons and complaint under Federal Rule of Civil

Procedure 4(c)(3). *Id*. at 1; Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.").

This case has been pending for over nine months and Mr. Hamrick has not sought leave from this Court to proceed *in forma pauperis*. Nor is he authorized to proceed as a seaman under 28 U.S.C. § 1916. *See Hamrick v. Hoffman*, No. 07-1726, 2008 U.S. Dist. LEXIS 36283, at *8 (D.D.C. May 8, 2008) (explaining that 28 U.S.C. § 1916 only applies to those seaman who were, at the time of an alleged injury, employed by the party being sued).

Mr. Hamrick's failure to provide good cause for failure to serve the named defendants, the United States and the United Nations, warrants dismissal of this case without prejudice. *See Prunte v. Universal Music Group*, No. 06-0480, 2008 U.S. Dist. LEXIS 18111, at *11 (D.D.C. Mar. 11, 2008) (quoting *Backenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993) ("a 'plaintiff's attempts at service need be at the least . . . accompanied by some showing of reasonable diligence' before good cause may be found")). Like the plaintiff in *Prunte*, Mr. Hamrick has "failed to argue that he employed a reasonable amount of diligence, and it seems clear that he did not."[1] *See* 2008 U.S. Dist. LEXIS 18111, at *11-12; *see also United States ex rel. Cody v. Computer Scis.*

---

[1] Mr. Hamrick's late request for service by the USMS does not constitute "good cause." *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that even plaintiffs proceeding *in forma pauperis* "may not remain silent and do nothing to effectuate service."). Moreover, because Mr. Hamrick has not been authorized to proceed *in forma pauperis*, but claims he is not able to financially afford service, service by the USMS in this case would not be appropriate. *See Holmes v. United States*, No. 06-796, 2008 U.S. Dist. LEXIS 1638, at *6 (W.D. Okla. Jan. 8, 2008) ("Plaintiff is not proceeding *in forma pauperis*, and accordingly, he must be prepared to proffer payment to the Marshals Service for its attempts at serving [defendant].").

*Corp.*, 246 F.R.D. 22, 27 (D.D.C. 2007) ("to establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice") (internal citations and quotation marks omitted); *Georgacarakos v. Watts*, No. 06-1022, 2007 U.S. Dist. LEXIS 37307, at *12-13 (D.D.C. May 23, 2007) (dismissing case for failure to demonstrate good cause where the case had been pending for over eleven months and plaintiff had not even provided to the Court the addresses of the defendants). Moreover, "the Court does not believe that [P]laintiff's *pro se* status should excuse his lack of diligence, as [P]laintiff is an experienced federal court litigator." *See Prunte*, 2008 U.S. Dist. LEXIS 18111, at *12; Pl.'s Resp. at 3 (enumerating seventeen other cases initiated by Mr. Hamrick in various federal courts). It is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; accordingly, this case is closed.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

Date: June 3, 2008                                                              /s/
                                                                ROSEMARY M. COLLYER
                                                                United States District Judge