**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DON HAMRICK,**                 ) | |
|                           ) | |
|         **Plaintiff,**          ) | |
|                           ) | |
|     **v.**                     ) | **Civil Action No. 07-1616 (RMC)** |
|                           ) | |
| **UNITED NATIONS, *et al.*,**     ) | |
|                           ) | |
|        **Defendants.**       ) | |
| | |

**ORDER**

On June 3, 2008, the Court dismissed this case without prejudice. *See* Dkt. # 18. Before the Court is pro se Plaintiff Don Hamrick's Motion for Relief from Judgment, requesting that the Court vacate its June 3, 2008 Order. *See* Dkt. # 19. The Motion will be denied.

Mr. Hamrick files his Motion pursuant to Federal Rules of Civil Procedure 60(a),[1] (b)(1), (3), & (6). Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). In order to prevail under Rule 60(b)(3), the moving party must

---

[1] Federal Rule of Civil Procedure 60(a) provides that the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Mr. Hamrick has not pointed to any clerical errors in the Court's June 3, 2008 Order [Dkt. #18]. Accordingly, Mr. Hamrick's Motion with regard to Rule 60(a) will be denied.

establish fraud or misconduct, and resulting prejudice, by clear and convincing evidence. *Johnson v. Holway*, No. 03-2513, 2006 U.S. Dist. LEXIS 80594, at *1 (D.D.C. Nov. 6, 2006). The burden of proof is high because public policy supports protecting the finality of judgments. *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Rule 60(b)(6), a catch-all provision, gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances. *See Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007).

On April 21, 2008, the Court issued an Order pursuant to Federal Rule of Civil Procedure 4(m), directing *pro se* Plaintiff, Don Hamrick, to (1) file with the Court proof that the defendants have been served with a summons and complaint; or (2) provide the Court with a written explanation for why service of process has not been completed. *See* Dkt. # 16. The Court warned Mr. Hamrick that if he failed to comply with the Order, or if the Court determined that he had not shown good cause for failure to comply with Rule 4(m), this case would be dismissed without prejudice. *Id.*

Mr. Hamrick responded to the Court's Order on April 29, 2008. *See* Pl.'s Answer to Order [Dkt. # 17]. In his response, Mr. Hamrick stated that he "do[es] not know why service of the complaint and summons were not performed," but that the most likely explanation is that he is "broke and financially ruined by the 6 years of litigation" that he has been engaged in "as an unrepresented civil plaintiff defending [his] Second Amendment rights as [a] U.S. citizen and as a U.S. merchant seaman." *Id.* at 1.

Mr. Hamrick's failure to provide good cause for failure to serve the named defendants, the United States and the United Nations, warranted dismissal of this case without

prejudice. *See* June 3, 2008 Order [Dkt. # 18]; *Prunte v. Universal Music Group*, No. 06-0480, 2008 U.S. Dist. LEXIS 18111, at *11 (D.D.C. Mar. 11, 2008) (quoting *Backenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993) ("a 'plaintiff's attempts at service need be at the least . . . accompanied by some showing of reasonable diligence' before good cause may be found")).

The Motion for Relief from Judgment merely reargues facts and theories upon which this Court has already ruled.  For the foregoing reasons and for the reasons set forth in the Court's June 3, 2008 Order, it is hereby

**ORDERED** that Plaintiff's Motion for Relief from Judgment [Dkt. # 19] is **DENIED**.

**SO ORDERED**.


Date:  June 27, 2008                                    _____/s/_____
                                                        ROSEMARY M. COLLYER
                                                        United States District Judge

-3-